## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Scott Lansing,                                                    Civil No. 13-655 MJD/AJB

       Plaintiff,
               **REPORT AND RECOMMENDATION**
v.                 **ON MOTION TO DISMISS**

LPS Field Services, Inc.,

       Defendant.

  Bennett Hartz, Esq., for plaintiff Scott Lansing; and

  Gregory A. Bromen, Esq., for defendant LPS Field Services, Inc.

  This action is before the court, United States Chief Magistrate Judge Arthur J. Boylan, on Motion to Dismiss by defendant LPS Field Services, Inc. ("LPS") [Docket No. 9]. Hearing on the motion was held on June 24, 2013, at the United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415. The case has been referred to the magistrate judge for report and recommendation under 28 U.S.C. §636(b)(1). It is the court's determination herein that the motion to dismiss by defendant LPS should be granted and the amended complaint in this matter [Docket No. 7] be dismissed.

**Background and Claims**

  Plaintiff Scott Lansing has filed an amended complaint in which he asserts claims under the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff alleges that he is the owner and occupant of certain particularly described residential property in Minnetonka, Minnesota, and that he is currently involved in litigation with a mortgage holder, Wells Fargo Bank, N.A., ("Wells Fargo") to determine ownership of the property. The amended complaint also states that

Wells Fargo has commenced proceedings to evict the plaintiff from the premises.[1] LPS is described as a business retained by Wells Fargo to inspect and assess real property on behalf of secured lenders, and is asserted to be a debt collector under the FDCPA.[2]

Plaintiff Scott Lansing alleges that on March 11, 2013, LPS posted a notice on the property that stated:

> LPS Field Services, Inc. inspected this property and found it to be vacant or abandoned. The mortgage holder has the right and duty to protect this property. Accordingly, it is likely that the mortgage holder will have the property secured and/or winterized within the next few days. Therefore, if this property is not vacant, please call the number below immediately.[3]

Plaintiff contends that he was an occupant of the property at the time of the referenced inspection and the same notice was also posted on the property on other occasions when he was an occupant. Mr. Lansing further states that he advised LPS that he was occupying the property after finding notices posted on February 22, 2013, and March 11, 2013, and was advised that the notices were placed at the direction of Wells Fargo, but that Wells Fargo indicated to him it did not intend to possess the property.[4]

In the amended complaint in plaintiff specifically asserts that the defendant has violated 15 U.S.C. §§ 1692f(6)(A) and (B) by threatening to take non-judicial action to

---

[1] Amd. compl. ¶¶ 6-8 [Docket No. 7].

[2] Pl. Mem. in Resp. and Opp. to Def. Mot. to Dis., page 3 [Docket No. 17].

[3] Amd. compl. ¶ 9; Attach. A.

[4] Id. ¶¶ 10-14.

dispossess plaintiff from property without having a present right to do so.[5] Defendant LPS moves to dismiss the amended complaint on grounds that the pleading fails to state facts to establish that LPS was acting as a debt collector as necessary to maintain a claim under the FDCPA, and in any event, the alleged unlawful posted notices were not threatening communications.

**Rule 12 Standard of Review**

A complaint that is being challenged on motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) does not need to contain detailed factual allegations to survive the motion, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). A complaint must contain sufficient facts to state a claim that is not merely conceivable, but rather, is plausible. Twombly, 127 S.Ct. at 1974. When reviewing a motion to dismiss, the claim must be liberally construed, assuming the facts alleged therein to be true and drawing all reasonable

---

[5] 15 U.S.C. §§ 1692f states:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application . . . the following conduct is a violation of this section:
>
> > (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—
> >
> > > (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; [or]
> > >
> > > (B) there is no present intention to take possession of the property .
> > > . . .

inferences from those facts in the plaintiff's favor. Twombly, 127 S.Ct. at 1964-65. A complaint should not be dismissed simply because a court is doubtful that the plaintiff will be able to prove all of the factual allegations contained therein. Id. Accordingly, a well-pleaded complaint will survive a motion to dismiss even where the likelihood of recovery appears remote. Id. at 1965. However, a plaintiff cannot rely upon general and conclusory allegations to survive a Rule 12(b)(6) motion. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

When matters outside the pleadings are presented with a Rule 12(b)(6) motion, and those matters are not excluded by the court, the motion should be treated as a Fed. R. Civ. P. 56 motion for summary judgment. However, on a motion to dismiss for failure to state a claim, the court may consider extraneous materials that are outside the complaint if such materials are "necessarily embraced" by the pleadings. Piper Jaffray v. Nat'l Union Fire Insur. Co., 967 F.Supp. 1148, 1152 (D. Minn. 1997) (citing Vizenor v. Babbitt, 927 F.Supp. 1193, 1198 (D. Minn. 1996)). See also Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 n.9 (8th Cir. 1997). Materials which are necessarily embraced by pleadings may include copies of underlying pleadings and documents incorporated by reference. Piper Jaffray, 967 F. Supp at 1152. In addition, materials which are public record may be considered in deciding a motion to dismiss. E.E.O.C. v. Am. Home Prod. Corp., 199 F.R.D. 620, 627 (N.D. Iowa 2001) (citing Missouri ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999)). On the other hand, "written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleading," may be construed as "matters outside the pleadings," requiring treatment of the motion as one for summary judgment. Hamm v. Rhone-Poulenc Rorer Pharm., Inc., 187 F.3d 941, 948 (8th Cir. 1999).

4

In support of its motion to dismiss LPS has submitted separate Affidavits of Gregory A. Bromen[6] with the initial memorandum and the reply. Plaintiff has not submitted any extraneous materials. The court finds that the proffered exhibits, consisting of dictionary definitions, Fannie Mae property servicing guidelines, an LPS web site printout, and a case opinion, are not necessarily embraced by the pleadings and do not contain substantiating evidence necessary to a proper determination on the merits of the motion to dismiss. The motion will not be construed as one for summary judgment under Rule 56.

**DISCUSSION**

15 U.S.C. §§ 1692f expressly states that its provisions apply to actions taken by a debt collector in order to collect or attempt to collect a debt. Consequently, the amended complaint states a cause of action against LPS only if the defendant can properly be characterized as a debt collector. The amended complaint contains an allegation that LPS is a debt collector because it meets the definition of an entity that "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." 15 U.S.C. §§ 1692a(6).

It is defendant LPS's contention in this motion that the amended complaint fails to satisfy the fact pleading requirements of Ashcroft v. Iqbal, 556 U.S. 662 and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, because the pleading alleges no facts to establish that LPS's principal business purpose is enforcement of security interests and LPS therefore cannot be characterized as a debt collector. Defendant insists that plaintiff's allegation with respect to LPS being a debt collector is nothing more than the ". . . formulaic recitation of the elements of a

---

[6] [Docket Nos. 12 and 19].

cause of action . . ." that is insufficient under Twombly. 550 U.S. at 555. Defendant further argues that reference to LPS web site descriptions of services provided by LPS does not establish that the defendant's primary business purpose is enforcement of security interests, and any perceived request for leave to amend the pleading should be denied in the absence of a motion or proposed pleading. Plaintiff contends that its pleading sufficiently alleges that LPS is a debt collector as contemplated under the FDCPA.

      The Twombly/Iqbal pleading standard can accurately be characterized as a middle ground between heightened fact pleading and basic notice pleading under Fed. R. Civ. P. 8(a)(2).[7] Burnett v. Mortgage Electronic Registration, 706 F.3d, 1231,1235-36 (10th Cir. 2013). Obviously a standard which demands more than "a formulaic recitation of the elements of a cause of action . . . " typically entails more than a mere repetition of pertinent statutory language, but it cannot be assumed that all necessary facts to support a claim have been firmly established without the benefit of discovery. In that regard there may be concern as to the whether the allegation that a party is properly identified as a "debt collector" or is "in [a] business the principal purpose of which is the enforcement of security interests, must be solidly supported by facts in the pleading, and to what extent it may be appropriate to allow discovery to be conducted to obtain facts relevant to the claim, particularly as to the principal purpose and nature of the defendant's business.

      The Twombly/Iqbal standard as applied to FDCPA actions requires more than the

---

[7] Rule 8 states:
    (a) A pleading that states a claim for relief must contain:

        (2)    a short and plain statement of the claim showing that the pleader is entitled to relief.

mere allegation that a defendant is a debt collector. Facts must be alleged to support the claim. Burnett v. Mortgage Electronic Registration, 706 F.3d, 1231, 1235-36. It is not sufficient to state a plausible claim by reliance upon the language of 15 U.S.C. §§ 1692f such that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt" without facts to support the assertion that the defendant is a debt collector. Id. This manner of pleading is the mere formulaic recitation of the elements of a cause of action which is cannot overcome a Rule 12(b)(6) motion to dismiss. Henderson v. S&W Foreclosure Corp., 2012 WL 43505, *3 (E.D. Mo. 2012).

However, determining whether a plausible claim for relief is stated is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Burnett at 1236, quoting Ashcroft v. Iqbal, 556 U.S. 662 at 679. The approach involves comparison of the pleading with the elements of the cause of action. Burnett at 1236, citing Khalik v. United Air Lines, 671 F.3d 1188, 1193. "'While Plaintiff is not required to set forth a prima facie case for each element, she is required to set forth plausible claims' animating the elements of her causes of action." Id. "Pleadings that do not allow for at least a 'reasonable inference' of the legally relevant facts are insufficient." Id., citing Iqbal at 678. The context in this instance is provided by the posted notice that plaintiff alleges to have been threatening.

Specifically, the context of the allegations under consideration in this matter is the claim that the defendant is a debt collector because it is a business having the principal purpose of enforcing security interests and its potential liability arises strictly with respect to the 15 U.S.C. § 1692f(6) prohibition against "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property . . ." Burnett, 706 F.3d. 1231, 1236 (citing

7

Kaltenbach v. Richards, 464 F.3d 524, 527 (5th Cir. 2006)). Under the plain language of the statute, a business having the principal purpose of enforcing security interests may not otherwise satisfy the definition of debt collector, but can be liable under § 1692f(6) as a debt collector. Id.

In essence, the conduct itself is properly considered in determining whether the defendant is acting as a debt collector in light of the alleged offending communication, and in this instance, the alleged facts relating to the claim of threatening conduct permit a determination on liability under the FDCPA without a determination as to whether LPS is a debt collector. As previously noted, the posted notice that is alleged to be threatening stated:

> LPS Field Services, Inc. inspected this property and found it to be vacant or abandoned. The mortgage holder has the right and duty to protect this property. Accordingly, it is likely that the mortgage holder will have the property secured and/or winterized within the next few days. Therefore, if this property is not vacant, please call the number below immediately.

It is the court's conclusion that as a matter of law this notice is not a threatening communication under 15 U.S.C. § 1692f(6). In construing this exact same notice in Hill v. Wells Fargo Bank, N.A. and LPS Field Services, Inc., _ F.Supp. _, 2013 WL 2297056, *5 (N.D. Ill. 2013),[8] the court held that no reasonable person could read this notice to suggest that the owner would still be removed if LPS was informed that the property was not vacant or that the posting could be read to threaten dispossession or disablement. Id. The court emphasized its conclusion with the explanation the "[t]he unsophisticated consumer may be uninformed, naive, and trusting, but is not a dimwit, has rudimentary knowledge about the financial world, and is capable of making basis logical deductions and inferences." Id. quoting Lox v. CDA, Ltd., 689 F.3d 818, 822 (7th

---

[8] In Hill at *4 the court explicitly noted that in that matter LPS did not dispute that it was a debt collector within the meaning of the FDCPA and was therefore subject to § 1692f.

Cir. 2012). Most tellingly, the amended complaint in the present case contains allegations that the plaintiff had responded to a prior posted notice and advised defendant LPS that the property was occupied as suggested by the notice. The reasonable inference is that the plaintiff may not have approved of the notice or LPS's possible intrusion on the property, but he had no reasonable justification to construe the notice as a threat by LPS to effect dispossession or disablement of the property. The notice accomplished all that was intended or that could be reasonably be read into it. The notice posted by LPS on the plaintiff's residence was not threatening and Mr. Lansing does not have a cause of action under 15 U.S.C. §§ 1692f(6)(A) and (B) based upon that communication.

Based upon the file and records in this action, along with the motions, memorandums, and exhibits that are before the court, the magistrate judge makes the following:

## RECOMMENDATION

It is **hereby recommended** that defendant LPS's Motion to Dismiss be **granted** [Docket No. 9]; the Amended Complaint be **dismissed** with prejudice [Docket No. 7]; and judgment be entered.

Dated:   July 29, 2013

    s/Arthur J. Boylan
Arthur J. Boylan
United States Chief Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made

and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before August 13, 2013

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.